**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-03098-CMA-KLM

ADRIAN SARABIA-GONZALEZ,

    Petitioner,

v.

ERIC HOLDER, JR., U.S. Attorney General,

    Respondent.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1), filed by Petitioner Adrian Sarabia-Gonzalez ("Petitioner"). The government has filed a Response (Doc. # 14) and a Supplemental Response (Doc. # 20). In light of the arguments raised in the Supplemental Response, this Court dismisses the Petition.

Petitioner is a non-citizen[1] who has been detained as he challenges his removal from the United States. His Petition challenged the Attorney General's authority to detain him under 8 U.S.C. § 1226(c) and the constitutionality of his detention while in immigration removal proceedings. As explained below, in light of recent events, both of these claims fail.

---

[1] The Supreme Court has used the term "noncitizen" to refer to immigrants such as Mr. Gomez-Hermosillo. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1678 (2013) (analyzing the immigration consequences for "noncitizens" convicted of crimes). This Court adheres to the convention used by the Supreme Court, unless quoting from an authority that uses a different term.

First, Petitioner's claim relating to his detention under § 1226 is now moot because Petitioner is no longer detained under that provision. On January 31, 2014, Petitioner withdrew his appeal to the Board of Immigration Appeals ("BIA"). (Doc. # 20-1). The appeal challenged the Immigration Judge's decision to remove Petitioner (Doc. # 14 at 2), but the withdrawal of the appeal has the effect of finalizing the Immigration Judge's order of removal. *See* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."). Therefore, Petitioner is no longer held under § 1226(c). Instead, the parties agree that he is currently held under 8 U.S.C. § 1231(a). (Doc. # 19 at 2; Doc. # 20 at 1.)

A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992). Because any finding by this Court about the scope of the detention authority in § 1226(c) would not entitle Petitioner to any form of relief, this claim is now moot. *See also Gomez-Hermosillo v. Holder*, No. 13-cv-02865-CMA, 2013 WL 6690002 (D. Colo. Dec. 19, 2013) (reaching the same conclusion).

Second, any challenge to Petitioner's current detention under § 1231(a) is premature. As just noted, Petitioner's removal order became administratively final on January 31, 2014, which means that what is termed the "removal period" began on the same date. *See* 8 U.S.C. § 1231(a)(1)(B). Under *Zadvydas v. Davis*, 533 U.S. 678,

701 (2001), there is a presumptively reasonable six-month removal period during which detention under § 1231(a) is presumed to be constitutional.  Because Petitioner is still within that six-month period, his constitutional challenge to his detention is therefore premature.

IT IS THEREFORE ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is DENIED, and this action is DISMISSED WITHOUT PREJUDICE.

FURTHER ORDERED that the November 19, 2013 Order (Doc. # 3) requiring Petitioner to remain in custody until further court order is WITHDRAWN.

DATED:  February __25__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge